IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 2:16cr29 |
| | ) | |
| CYNTHIA MERRITT, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the Defendant, CYNTHIA MERRITT ("Ms. Merritt"), by and through counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* as well as this Court's sentencing Order, and hereby represents that she has reviewed the Probation Office's Pre-Sentence Report ("PSR"). Ms. Merritt has no objections to the report and states her position with respect to sentencing factors.

**Preliminary Background**

On March 31, 2016, Ms. Merritt pled guilty without a plea agreement, to Count One of the Criminal Information charging her with Theft of Government Money in violation of 18 U.S.C. § 641. The PSR has been prepared and disclosed to the parties. Neither party has any objections to the report or advisory guidelines. The Sentencing Hearing is scheduled for June 20, 2016 at 10:00 a.m.

Ms. Merritt's current advisory guideline range is 0 to 6 months, according to the PSR. She respectfully asks this Court to impose a sentence of probation. Ms. Merritt submits that such a sentence complies with the statutory mandate to impose a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing. *See* 18 U.S.C. §3553(a).

# THE APPROPRIATE SENTENCE IN THIS CASE

The overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2). The "sufficient, but not greater than necessary" requirement is not just another factor to be considered along with the others set forth in Section 3553(a)--it sets an independent limit on the sentence.

Accordingly, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing. The Court is to consider (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the guideline range; (d) the need to avoid unwarranted sentencing disparities; and (e) the need for restitution, when applicable. The law must "tak[e] into account the real conduct and circumstances involved in sentencing," *Gall v. United States*, 552 U.S. 38, 54 (2007), as well as the defendant's personal history and characteristics, 18 U.S.C. § 3553(a)(1). The guidelines cannot do this. Therefore, the Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.* at 52.

## Nature and Circumstances of the Offense

The offense is theft of government money. The Statement of Facts, set out in the "Offense Conduct" section of the PSR, details the facts and circumstances of the offense. Essentially, Ms. Merritt embezzled money, money orders, and stamp stock while working for the United States Postal Service between July 2012 and September 2013. The total loss amount is $7,510.69.

When approached by law enforcement in September 2013, Ms. Merritt eventually confessed to her crime, stating that she acted in order to obtain the basic needs for her family. PSR ¶ 9. She

timely admitted her guilt before this Court on March 31, 2016, and further expressed her remorse when interviewed for her PSR.

## History and Characteristics of Ms. Merritt

Part C of the PSR, entitled "Offender Characteristics," provides substantial detail regarding Ms. Merritt's upbringing and related social history, set forth in paragraphs 35 through 63.

Ms. Merritt, now 38, was born and raised on the Eastern Shore of Virginia. She has never lived anywhere else, and Ms. Merritt rarely leaves the Shore. Born into a low-income family, and raised between the households of her mother and maternal grandparents, Ms. Merritt witnessed and experienced many instances of violence. As early as third grade, Ms. Merritt's scholastic experiences were disrupted. All that she experienced and witnessed as a youth continue to shape her life.

At the age of 14, Ms. Merritt married for a brief moment, and then, moved away completely from adult supervision to live with cousins younger than she. Life remained very unstructured and unruly. Her alcohol and drug use began around this age, continuing what she had seen her parents abuse. School became even less of a priority, and finally, Ms. Merritt left in the ninth grade. She has never obtained her General Equivalency Diploma.

By the age of 19, she had her first child, with five more to follow. Most of the relationships with the fathers of her children were tumultuous, abusive and short-lived. Two of her children suffer from mental health issues, are special needs, and require substantial educational and social services.

Ms. Merritt's physical health consists of ailments related to chronic pain as a result of arthritis. Her mental health, as documented thoroughly in the PSR, requires individual assistance. Due to her past experiences, Ms. Merritt suffers from Post-Traumatic Stress Disorder as well as other related diagnoses. Although she has not yet sought disability benefits for herself, it is

something that she may pursue in the near future. Since August 2015, Ms. Merritt has sought and received consistent, stable assistance through the appropriate social services agencies.

Along with the mental health issues, Ms. Merritt has dealt with substance abuse issues since her teenage years. Currently, she receives substance abuse treatment through the Community Services Board on the Eastern Shore. Additionally, Ms. Merritt's pretrial supervision through this Court required her to participate in substance abuse treatment, and to-date, she remains in compliance.

### Seriousness of the Offense/Promoting Respecting for the Law/ Providing Just Punishment

A sentence of probation would reflect the seriousness of the offense, promote respect for the law and provide just punishment to Ms. Merritt. With this conviction, Ms. Merritt is now a convicted felon. She is mature enough to appreciate the negative stigma that is now attached to her because of her ill-advised decisions to make some extra money by engaging in this fraudulent activity.

### Providing Needed Educational/Vocational Training/Medical Care/ Correctional Treatment

As set forth above, Ms. Merritt did not complete high school, and she has had mostly retail employment, other than the work at Perdue Farms and as a subcontractor as a mail carrier. Ms. Merritt receives significant daily assistance from Social Services, both for herself and her children, due to mental health and physical disabilities. Due to other court involvement, Ms. Merritt is addressing her mental health and substance abuse treatment needs through the Community Services Board. All of her needs, including attempts to obtain a General Equivalency Diploma, may be satisfied through non-custodial efforts.

## Kinds of Sentences Available/Sentencing Range and Guideline Policies

The statutory range of punishment is probation to 10 years imprisonment with a maximum term of supervised release of no more than 3 years. The advisory guideline range is a term of imprisonment of 0 to 6 months (offense level 8, criminal history category I). This range is in Zone A, which provides that a sentence of probation is authorized, and while not required, community confinement, intermittent confinement, or home detention for imprisonment may be imposed. U.S.S.G. §5B1.1. With a sentence of probation of 5 years, Ms. Merritt will be able to maintain a consistent schedule to pay the restitution imposed.

## Restitution

Restitution will be ordered in this case. Ms. Merritt stipulates that the amount of restitution is $7,510.69. PSR ¶ 11.

## CONCLUSION

For the reasons advanced above, Ms. Merritt respectfully moves for a sentence of probation. Such a sentence is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

CYNTHIA MERRITT

By _____/s/_____
Suzanne V. Suher Katchmar
Virginia State Bar No. 37387
Counsel for Defendant Cynthia Merritt
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0890
Facsimile: (757) 457-0880
suzanne_katchmar@fd.org

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

>Joseph E. DePadilla
>Assistant United States Attorney
>Office of the United States Attorney
>101 W. Main Street, Suite 8000
>Norfolk, Virginia 23510
>joe.depadilla@usdoj.gov

And I hereby certify that I have electronically mailed the foregoing to the following non-filing user:

>Darryl A. Upshur
>United States Probation Officer
>United States Probation Office
>600 Granby Street, Suite 200
>Norfolk, Virginia 23510

/s/
Suzanne V. Suher Katchmar
Virginia States Bar No. 37387
Counsel for Defendant Cynthia Merritt
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone:   (757) 457-0890
Facsimile:    (757) 457-0880
suzanne_katchmar@fd.org