IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| UNITED STATES OF AMERICA | ) | Criminal No. 2:16cr29 |
|---|---|---|
| v. | ) | |
| CYNTHIA MERRITT, | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, Joseph E. DePadilla, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term 0 to 6 months' imprisonment on the sole Count of the criminal information. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the relevant parties. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation.

For the reasons outlined below, the United States respectfully submits that a sentence at the lower end of the guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.    Background**

On March 31, 2016, the defendant pled without a plea agreement to a one Count criminal information charging her with Theft of Government Money in violation of 18 U.S.C. § 641. The sentencing hearing was set for June 20, 2016 at 10:00 a.m.

1

## II. Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

### A) Nature and Circumstances of the Offense

The defendant's crime is serious. She was entrusted by the United States Postal Service to maintain a post office on the Eastern Shore. She betrayed that trust and embezzled over $7,500.

### B) History and Characteristics of the Defendant

The defendant has two previous convictions. The first is for reckless driving for which she received six days of jail PSR ¶ 26 and the second for retail theft of less than $100 PSR ¶ 27.

The defendant has experienced a challenging childhood. PSR ¶ 35-40. She currently has responsibility for six children from six different relationships varying in age from 19 to just over 1 year. The defendant reports physical pain PSR ¶ 44 and emotional issues PSR ¶ 46-48. The

defendant has a significant history of substance abuse. PSR ¶ 49-53. The defendant is wholly dependent on government sponsored support. PSR ¶ 55

    C) <u>Other Factors to be Considered Under 18 U.S.C. § 3553(a)</u>

Among the other factors a sentencing court is to consider under Section 3553(a), the United States would highlight the need for the sentence imposed in this case to reflect the seriousness of the defendant's offense, to afford adequate specific deterrence to future criminal conduct, and to promote respect for the law.

**III.** **<u>Conclusion</u>**

Taking all the Section 3553(a) factors into account, the government respectfully submits a sentence of incarceration would not serve the United States at this time. The defendant is responsible for many minor children that would probably need to be designated for social services. The defendant does need education and a condition of her probation would appropriately include completing her GED. The defendant has already entered a restitution order and will be required to pay towards the amount she took from the United States Postal Service. A sentence at the bottom the guidelines range to include five years probation is appropriate and not greater than necessary.

                              Respectfully submitted,

                              Dana J. Boente
                              United States Attorney

By:       /s/
           Joseph E. DePadilla
           Assistant United States Attorney
           United States Attorney's Office
           101 West Main Street, Suite 8000
           Norfolk, VA 23510
           Office Number: 757-441-6331
           Facsimile Number: 757-441-6689
           joe.depadilla@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>Suzanne Victoria Katchmar, Esq.
>Office of the Federal Public Defender
>150 Boush Street, Suite 403
>Norfolk, Virginia 23510
>Office Number: 757-457-0800
>*Attorney for Defendant Cynthia Merritt*

I HEREBY CERTIFY that on this 13th day of June, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Darryl A. Upshur
>U.S. Probation Officer
>600 Granby Street, Suite 200
>Norfolk, Virginia 23510

>_____/s/_____
>Joseph E. DePadilla
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: 757-441-6331
>Facsimile Number: 757-441-6689
>joe.depadilla@usdoj.gov